# CIRCUIT COURT OF THE CITY OF RICHMOND

Henry McNeill

v.

Tito Rojas
and M & J Trucking, L.L.C.

August 16, 2007

Case No. CL07-2800-1

BY JUDGE MELVIN R. HUGHES, JR.

In this case, the defendants who are a truck driver and his employer have been named in a lawsuit as directly and vicariously liable for claimed injuries the plaintiff suffered due to the alleged negligence of the driver defendant in a motor vehicle accident that occurred in Hanover County. The case is before the court on the defendant's objection to venue.

The parties took the depositions of the defendants. They were placed with the court during the hearing on venue.

In essence the defendants assert that there is no business activity here under Va. Code § 8.01-262(3) or, if there is, it is not "substantial" under the qualifying language of the statute. Plaintiff counters that the "business" requirement is satisfied in that defendants' business is hauling and that traveling through Richmond on highways hauling goods and materials to intended destinations is business within the meaning of the statute although none of the destinations terminates in Richmond. In other words, traveling through Richmond in a truck is business activity if the business or occupation is hauling.

The testimony of the witnesses describes that the times the defendant driver is in Richmond, he is on a highway, usually Interstate 95 passing through transporting things on a truck to get to North Carolina. Even if this can be considered business activity, which the court believes it is not, traveling

through Richmond does not implicate venue as a purposeful selection of place where one may think that one could be sued. Interstate 95 has been put in a location through Virginia to afford a place for travel in interstate commerce. The law does not envision that a party should avoid use of a highway to preclude a venue for a suit against him. Highways are where they are for use by the public. Venue under these facts based on "conducting . . . business" does not lie in Richmond.